[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff seeks a temporary injunction to prevent his expulsion from the two defendant organizations, American Institute of Certified Public Accountants, Inc. (AICPA) and The Connecticut Society of Certified Public Accountants, Inc. (CSCPA).
Facts
The AICPA is a national professional accounting organization comprised of more than 300,000 certified public accountants. It promotes and tries to maintain high professional standards and practices. It is an authoritative source of standards and procedures in the accounting field. One of its primary responsibilities is to administer ethical standards through the development, interpretation and enforcement of its Code of Professional Conduct. The CSCPA, an association of CPA's in Connecticut, is a completely separate organization.
In 1991, after a full investigation by both the AICPA and the CSCPA, and a full hearing on the merits before a "Joint Trial Board", the plaintiff was found to be in violation of various provisions of the AICPA Code of Professional Conduct. He was directed to complete certain courses within one year to address deficiencies in his professional training. He was also told that if he did not comply with the direction of said CT Page 3601 Joint Trial Board, he would be expelled from membership in the AICPA and in the CSPA. Plaintiff did not complete those courses and is now facing expulsion from the AICPA and the CSCPA.
In 1989, the plaintiff enrolled in the AICPA Quality Review Division. In 1992, he refused to submit information required by the Division concerning arrangements for his 1992 quality review. As a result he was that dropped Division.
The court cannot find that plaintiff resigned from either of the defendant organizations. He never submitted any written resignation to either, and neither ever accepted a resignation from him.
Law
For a temporary injunction the plaintiff must prove that as a result of the proposed expulsion he will be irreparably injured, has no adequate remedy at law, and will more probably than not prevail on the final full hearing. In addition the court shall balance the equities among the parties.
Plaintiff has not proven an irreparable injury which will stem from his expulsion.[1]
Plaintiff has no adequate remedy at law.
Plaintiff will probably not prevail after the final hearing.
On balancing the equities plaintiff does not prevail.
Application denied.
Norris L. O'Neill, J.